The wife has moved that the child support in the above matter be modified as the current child support orders are not in accordance with the child support guidelines and because there has been a substantial change in the financial circumstances of the parties since the entry of the current child support orders.
The court finds that the current child support orders do not comply with the child support guidelines and, accordingly, will modify those orders. This court finds thatPublic Act 91-76 provided in 1a that a court may modify child support either by showing a substantial change in circumstances or, upon a showing that the final order for child support substantially deviates from the child support guidelines. There was no specific finding on the record that the applications of the guidelines would be inequitable or inappropriate. The act provides that modification CT Page 5691 may be made of such order without regard to whether the order was issued before or after the effective date of the public act.
The court has taken into consideration the division of real and personal property between the parties as set forth in their final decree and the benefits accruing to the children as a result of such division. This court has also taken into consideration the child support guidelines and finds that there is more that a 15 percent deviation and, therefore, the change is substantial.
The parties have submitted their computations to this court. The court has does its own computation and finds that, based on the wife's net weekly income of $430.00 and the husband's net weekly income of $805.00, as shown on their financial affidavits, that the appropriate amount for the husband to pay is $291.00. Accordingly, the court modifies the child support order upward to $291.00 per week retroactive under Connecticut General Statutes 46b-86(a) to March 28, 1992.
The first child, Stefanie, was born May 31, 1982 and B. Gregory, the second child, was born June 30, 1986. The court has taken into consideration all of the criteria set forth inPublic Act 91-76 in rendering this decision.